Andrew Reichardt, Utah Bar # 11343
Attorney for Heather Van Duker
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HEATHER VAN DUKER, § § § Plaintiff, § § v. § § LIFE INSURANCE COMPANY § OF NORTH AMERICA, § § Defendant. § | ERISA COMPLAINT  Civ. Case No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Heather Van Duker, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay Short Term Disability benefits due under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.   This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan

constitutes a "plan under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.     Venue is proper within the Central District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.     Plaintiff, Heather Van Duker, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Salt Lake County, Utah.

5.     Plaintiff alleges upon information and belief that Life Insurance Company of North America (hereinafter "LINA") is an insurance company authorized to transact the business of insurance in this state. LINA is the underwriter for the Omnicom Benefits, Inc. Short Term Disability Plan, Plan Number SHD-0985032, and can be served with process by serving Life Insurance Company of North America, c/o CT Corporation System, 1108 E. South Union Ave., Midvale, UT 84047.

6.     Plaintiff alleges upon information and belief that Defendant LINA established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this lawsuit, and was the *de facto* decision-maker in Plaintiff's claim.

## FACTS

7.     Plaintiff was employed by Omnicom Benefits, Inc. in Utah.  By virtue of her

employment, Plaintiff is a participant or beneficiary of the Omnicom Benefits, Inc. Short Term Disability Plan (hereinafter "the Plan").

8.  The Plan provides participants with coverage under group disability insurance Plan Number SHD-0985032, issued by LINA.

9.  Plaintiff ceased work due to disability on July 30, 2020.

10. Plaintiff made an application for Short Term Disability benefits pursuant to the Plan.

11. LINA denied Plaintiff's claim for Short Term Disability benefits by letter dated January 6, 2021.

12. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff made a timely appeal of LINA's denial of benefits.

13. By letter dated September 2, 2021, LINA denied Plaintiff's appeal.

14. Plaintiff again appealed LINA's decision on March 1, 2022.  No new medical information was submitted with the appeal, as all relevant information had previously been submitted to LINA.

15. On April 15, 2022, LINA declined to accept Plaintiff's appeal, citing the lack of new medical information as justification.

16. Plaintiff has exhausted the required plan appeals.  LINA issued its final decision on April 15, 2022 refusing to continue Short Term Disability benefits.

17. Plaintiff was disabled as defined by the provisions of the Plan.

18. The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

19.  The Court's standard of review is de novo under Firestone Tire & Rubber Co. v.

Bruch, 489 U.S. 101 (1989).

20. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

21. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

22. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in paragraphs 1 through 22 as if fully stated herein and states further that:

23. Under the terms of the Plan, Defendant agreed to provide Plaintiff with Short Term Disability benefits in the event that Plaintiff became disabled as defined by the Plan.

24. Plaintiff was disabled under the terms of the Plan.

25. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

26. The decision to deny benefits was wrong under the terms of the Plan.

27. The decision to deny benefits and the decision-making process were arbitrary and capricious.

28. The decision to deny benefits was not supported by substantial evidence in the administrative record.

29. As a direct and proximate result of the aforementioned conduct of the Defendant

4

in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under the Plan.

30. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Heather Van Duker, requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability benefits to which she was entitled through the date she elected to receive pension benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

4. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendant to provide to Plaintiff a bound copy of the administrative record consecutively paginated.

Dated this 3rd day of October, 2022.

Respectfully Submitted,

ANDREW REICHARDT
ATTORNEY FOR PLAINTIFF

BY:     /s/ Andrew Reichardt
Andrew Reichardt (#11343)
The Law Office of Andrew Reichardt, PLLC
5330 South 900 East, #115
Salt Lake City, UT 84117
Phone: (801) 261-3400
Fax: (801) 261-3535
E-mail: andrew@utdisability.com